# R. W. CLEMENTS v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

February 2, 1912.

Nos. 17,452—(230).

**Carriage of live stock — charge to jury.**
Action to recover damages occasioned by the alleged negligence of the defendant in unreasonably delaying the transportation of plaintiff's live stock. *Held*, that the trial court erred in instructing the jury as to the claimed negligence of the defendant in the movement of its trains before the plaintiff's stock was received for transportation.

Action in the municipal court of Minneapolis to recover $200 damages for injuries to a shipment of cattle caused by delay in transportation. The case was tried before C. L. Smith, J., and a jury which returned a verdict in favor of plaintiff for $120. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*John L. Erdall, L. K. Eaton* and *Alfred H. Bright,* for appellant.
*Stiles & Devaney,* for respondent.

Start, C. J.

This action was brought in the municipal court of the city of Minneapolis to recover damages alleged to have been sustained by the plaintiff by reason of the negligence of the defendant in transporting three carloads of live stock from Cathay, North Dakota, to St. Paul, Minnesota. The complaint alleges several acts of negligence on the part of the defendant in the transportation of the stock, but the sole alleged act of negligence submitted to the jury was whether the stock was transported within a reasonable time after they were received for shipment by the defendant. The jury returned a verdict for the plaintiff for $120. The defendant made a motion for

[1] Reported in 134 N. W. 230.

judgment in its favor or for a new trial, but on the hearing of the motion it seems to have been treated as one for a new trial only. The defendant appealed from the order denying its motion for a new trial.

The question here to be determined is whether reversible errors were committed by the trial court, entitling the defendant to a new trial.

There was evidence, without substantial contradiction, tending to show that defendant's train in which the plaintiff's stock was carried was one known as a "stock pick-up train," which was run for the benefit of shippers of live stock at the different stations along its line to St. Paul; that three carloads of live stock were taken into the train at Washburn, ten at Garrison, and three at Cathay, North Dakota; that the last three contained the stock of the plaintiff; that when the train reached Glenwood, Minnesota, a division point on defendant's line, the stock in the three cars taken into the train at Washburn had been confined therein thirty-four hours and forty minutes, and the stock in the cars received at Garrison had been confined twenty-eight and one half hours; that the usual run from Glenwood to St. Paul occupies some ten hours, hence in order to comply with the law it was necessary to unload the stock in thirteen of the cars for the purpose of feeding and watering them, and resting them for five hours; that it was not necessary to unload the plaintiff's stock in order to comply with the law, and if the cars containing them had not been delayed at Glenwood for the purpose of unloading the other stock cars, his stock would have reached their destination within the usual time necessary for the transportation of live stock from Cathay to St. Paul, and all loss avoided; and, further, that the delay in forwarding his stock was occasioned by the stopping of the train for the purpose of unloading the stock in the thirteen cars, because it would have been impracticable to have sent forward the cars containing plaintiff's stock by any other train, for there was but one train crew at Glenwood at the time.

Upon this evidence it was a close question of fact whether there was any unreasonable delay in transporting the plaintiff's stock after it was received for shipment. The defendant requested the trial

court to instruct the jury to the effect that the plaintiff could not recover, unless the preponderance of the evidence showed that the defendant was guilty of some act of negligence alleged in the complaint, which occurred after the plaintiff's stock was accepted for shipment.

The court instructed the jury that the plaintiff could not recover, unless they found that the defendant was guilty in the respect alleged in the complaint. Other than this, the requested instruction was not given, and the jury were instructed as follows: "The plaintiff contends that, prior to the time that his cattle were shipped or received as a shipment, there was unreasonable delay. While they had these cattle, they necessitated their being unloaded at Glenwood, and if the company had handled its train with reasonable care prior to the time that plaintiff loaded his cattle they could have got through to South St. Paul without unloading at Glenwood, and that the delay at Glenwood was caused by the negligence which arose prior to the time that he loaded his cattle. If that negligence had not occurred, there would not any of them have had to be unloaded at Glenwood, and could all have gone continuously through to South St. Paul. If you find that to be a fact, then the defendant was negligent in unloading the cattle at Glenwood, and the plaintiff can take advantage of that negligence. But, aside from that one point, any negligence of the railroad company in the handling of its train prior to the time they accepted the same of the plaintiff cannot be considered by you in deciding whether or not they were negligent in the handling of their train."

The refusal of the requested instruction, and the instruction given, are assigned as error. That the giving of such instruction was reversible error is obvious; for the jury were instructed, in effect, that if they found that there was an unreasonable delay in the movement of the train in question prior to the time plaintiff's stock was received for transportation, and, if such negligence had not occurred, there would not have been any necessity for unloading any of the stock in any of the cars, then the defendant was negligent in unloading the stock at Glenwood, and that the plaintiff could take advantage of that negligence. The jury might well have understood from the instruction that if the defendant unreasonably delayed its train before

the plaintiff's stock was received, as to which there was no issue, and of which there was slight, if any, evidence, the jury might find therefrom that the defendant unreasonably and negligently delayed the transportation of plaintiff's stock after it was received.

Order reversed, and a new trial granted.

PHILIP E. BROWN, J., being absent on account of illness, took no part.